Filed 5/26/26  In re M.M. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.M., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent, v. I.M., Defendant and Appellant. | G066239 (Super. Ct. No. 19DP0654A) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, June Jee An, Judge. Conditionally reversed and remanded.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant I.M.

Leon J. Page, County Counsel, Debbie Torrez and Chloe R. Maksoudian, Deputies County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

\*          \*          \*

I.M. (Father) appeals from a juvenile court order terminating parental rights to his minor child following a hearing held under Welfare and Institutions Code section 366.26.[1] He contends the Orange County Social Services Agency (SSA) failed to comply with its inquiry obligations under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.; ICWA) and the related state legislation (§ 224 et seq.). SSA concedes the error and acknowledges the challenged orders must be conditionally reversed. We conclude conditional reversal for the sole purpose of ICWA compliance is required because SSA failed to conduct an adequate initial inquiry of Father prior to the court terminating parental rights, and we remand the matter for compliance with ICWA.

FACTS[2]

In September 2023, SSA successfully sought a protective custody warrant removing M.M., the then four-year-old minor (minor), from Mother's care. At the time, Father was in prison and Mother reported he had a parole eligibility date in February 2024. The warrant application indicated SSA

---

[1] All further statutory references are to the Welfare and Institutions Code.

[2] Because the sole issue on appeal concerns ICWA compliance, the facts we recite are likewise limited to ICWA related matters.

asked Mother and the maternal grandmother about Indian heritage and they both denied any such ancestry.[3]

A subsequently filed juvenile dependency petition alleged, inter alia, Mother had an unresolved substance abuse problem and had exposed the minor to domestic violence between her and the maternal grandmother, with whom they lived. It further alleged Father had an unresolved substance abuse problem, had a history of violence against others, and had not provided, and could not provide, safety, support, and protection for the minor. Both the petition and the detention report stated SSA once again asked Mother and the maternal grandmother about any Indian heritage and they denied any such ancestry. The maternal grandfather was asked about the same and also denied any Indian ancestry. Although the reports included the name of the prison where Father was incarcerated and his California Department of Corrections and Rehabilitation number, the detention report conveyed SSA had been unable to interview him.

At the initial detention hearing, Mother's counsel provided a form to the juvenile court which indicated Mother had no reason to believe the minor is or may be an Indian child. Mother's counsel represented the same. Father, who was incarcerated at the time, was appointed counsel. The court deferred making any ICWA findings. It also ordered: (1) Father's counsel to file a completed ICWA form before the next hearing; (2) Mother and Father to provide SSA with the names of any relatives to assist SSA with its duty of inquiry under ICWA; and (3) SSA to continue its due diligence under ICWA and make any relevant information known to the court in the future.

---

[3] We use the term "Indian" throughout to be consistent with the language used in both federal and state law. No disrespect is intended.

Subsequent reports detailed further ICWA related inquiry by SSA. A maternal uncle denied Indian heritage. While SSA also attempted to contact the paternal grandfather, they instead reached his adoptive mother who confirmed he lived with her but said she was not home at the time. She was asked for, but did not have, contact information for the paternal grandmother. SSA asked her to have the paternal grandfather contact SSA. When SSA later spoke with the paternal grandfather, he said he "did not know as he never looked up his family history." A paternal cousin "reported having researched her family's DNA history and stated according to the results, their family has some Native American and Indigenous background. However, she was not able to provide further information as she did not know the tribal name."

After continuing the jurisdictional hearing multiple times so Father's counsel could contact him and Father could appear remotely, the juvenile court held the hearing in February 2024. Father was physically present, in custody. The court did not inquire about, or make any mention of, ICWA during the hearing or as part of its ruling on the jurisdictional issues.

A subsequent SSA report provided an updated prison location and address for Father. While SSA mailed various documents to him, there was no indication any of them concerned ICWA.

Father was once again present, in custody, at the disposition hearing. The juvenile court did not inquire about, or make any mention of, ICWA during the hearing or as part of its dispositional order.[4]

---

[4] Father appealed from the disposition order and raised the sole issue of noncompliance with ICWA. This court dismissed the appeal because the lack of an ICWA finding at or before the dispositional hearing made the ICWA issue not ripe for review.

Prior to the six-month review hearing, SSA sent at least two certified letters to Father inquiring about Indian ancestry. Although SSA was unsuccessful in making contact with the paternal grandfather and cousin with whom it had previously spoken, SSA spoke with Father's paternal grandmother, who was also his legal mother by adoption. She conveyed her deceased father-in-law "used to claim that he had Native American heritage" and they used to travel to New Mexico to visit family which may have been part of a tribe, but she did not believe he was ever registered. Based on this information, SSA noted in a report that there was reason to believe ICWA may apply and documented its outreach to the Bureau of Indian Affairs, to which it had not yet received a response.

After continuing the 12-month review hearing multiple times so Father could appear, the juvenile court held the hearing in March 2025 and Father appeared virtually. No ICWA related inquiry was made at the hearing. Before terminating reunification services, the court found ICWA did not apply.

No additional ICWA related inquiry occurred in the seven-month period between the termination of reunification services and the section 366.26 hearing. Ultimately, at the section 366.26 hearing, the juvenile court terminated Mother's and Father's parental rights to the minor and ordered the minor placed for adoption. It did not make any ICWA related inquiries at the hearing or any additional ICWA related findings. Father was present in person and testified.

Father timely appealed from the order terminating parental rights. Mother did not appeal.

5

DISCUSSION

The sole issue raised by Father on appeal is whether SSA complied with its inquiry obligations under ICWA. He contends SSA's inquiry was deficient because it never asked him about Indian ancestry after he was released from prison even though it was in contact with him on multiple occasions and he appeared in court. SSA concedes the ICWA error and acknowledges conditional reversal of the parental rights termination order is required to allow for ICWA compliance. We agree.

"'ICWA is a federal law giving Indian tribes concurrent jurisdiction over state court child custody proceedings that involve Indian children living off of a reservation. [Citations.] Congress enacted ICWA to further the federal policy "'that, where possible, an Indian child should remain in the Indian community . . . .'"'" (*In re A.R.* (2022) 77 Cal.App.5th 197, 203.) To that end, the federal regulatory scheme implementing ICWA requires the provision of certain notice to "ensure[] that an Indian tribe is aware of its right to intervene in or, where appropriate, exercise jurisdiction over a child custody proceeding involving an Indian child." (*In re Isaiah W.* (2016) 1 Cal.5th 1, 8 (*Isaiah W.*); see *In re J.C.* (2022) 77 Cal.App.5th 70, 77 5th (*J.C.*).)

In California, section 224.2 "codifies and elaborates on ICWA's requirements of notice to a child's parents or legal guardian, Indian custodian, and Indian tribe, and to the [Bureau of Indian Affairs]." (*Isaiah W., supra*, 1 Cal.5th at p. 9.) More specifically, the statute "creates three distinct duties regarding ICWA in dependency proceedings. First, from [SSA]'s initial contact with a minor and [their] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. [Citation.] Second, if that initial inquiry creates a 'reason to

6

*believe*' the child is an Indian child, then [SSA] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' [Citation.] Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052; see also *In re Dezi C.* (2024) 16 Cal.5th 1112, 1132–1133 (*Dezi C.*).)

"'"'The juvenile court must determine whether proper notice was given under ICWA and whether ICWA applies to the proceedings.'" [Citation.] "If the court makes a finding that proper and adequate further inquiry and due diligence as required in [section 224.2] have been conducted and there is no reason to know . . . the child is an Indian child, the court may make a finding that [ICWA] does not apply to the proceedings, subject to reversal based on sufficiency of the evidence.'"" (*J.C., supra*, 77 Cal.App.5th at p. 78.)

Here, SSA had difficulty contacting Father at times because he was incarcerated. However, Father appeared in person or remotely for multiple court hearings. Neither SSA nor the juvenile court asked him any questions concerning Indian ancestry during those times. In addition, SSA facilitated one in person visit between Father and the minor, but no ICWA related inquiry took place. On such a record, particularly given the potential tribal affiliation mentioned by the paternal cousin and Father's paternal grandmother, we must conditionally reverse the challenged orders and remand the matter to allow for ICWA compliance. (See § 224.2, subds. (b) & (c) [duty to inquire includes asking, inter alia, parents]; 25 U.S.C. § 1912(a) [duty to inquire of each participant]; 25 C.F.R. § 23.107(a) (2026) [participants include parents]; *Dezi C., supra*, 16 Cal.5th at p. 1136 [inadequate initial inquiry "requires conditional reversal with directions for

7

the child welfare agency to comply with" ICWA inquiry, documentation, and notice requirements].)

Because the minor has been without certainty and permanency for more than two and a half years since being removed from Mother's care, we strongly urge SSA, the juvenile court, and counsel to diligently work to ensure ICWA's requirements are satisfied without unnecessarily delaying resolution of this dependency matter.

## DISPOSITION

The order terminating Mother's and Father's parental rights is conditionally reversed and the matter is remanded to the juvenile court. On remand, the court shall conduct further proceedings, as necessary, for the limited purpose of ensuring full compliance with ICWA and related California law. If the court finds, after proper inquiry and notice, the minor is not an Indian child as defined by ICWA, the order terminating parental rights shall be reinstated. Alternatively, if the court determines ICWA applies, the court shall vacate the order terminating parental rights and conduct further proceedings consistent with ICWA.


DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.